UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| DALLAS SCOTT<br><br>　　　　　Plaintiff<br><br>　v.<br><br>TIRE DISCOUNTERS, INC.<br><br>　　　　　Defendant | Case No. 1:21-cv-00633<br><br>**COMPLAINT**<br>WITH JURY DEMAND |

## NATURE OF THE ACTION

1. Plaintiff Dallas Scott brings this action against Defendant Tire Discounters, Inc., under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), to recover unpaid overtime wages, liquidated damages, pre-judgment interest, attorney's fees, and litigation costs.

2. Plaintiff was employed by Tire Discounters as a Service Manager ("SM") from June 2014 until December 2014 in the company's Lexington, Kentucky location. Tire Discounters is headquartered in Cincinnati, Ohio.

3. Tire Discounters classified Plaintiff as exempt from the FLSA's overtime requirements and paid him a salary, without overtime pay, regardless of the number of hours he worked per week.

4. Tire Discounters misclassified Plaintiff as exempt:

　　a. Plaintiff's primary job duties were not exempt duties. To the contrary, Plaintiff's primary duties were non-exempt in nature: serving customers, answering customer inquiries, moving customer's vehicles, performing maintenance and repair work on vehicles, selling products, answering phones, processing customer orders and payments, operating the register, and other general, customer service duties. Plaintiff's primary duties were not managerial or supervisory in nature.

b. Plaintiff did not regularly supervise two or more full-time employees. To the contrary, he had no real supervisory authority—such authority was held by higher-level managers and corporate personnel.

c. Plaintiff did not have authority to hire or fire, and any suggestions he made about hiring, firing, or changes in employee status were not given particular weight.

5. During his tenure as an SM, Plaintiff consistently worked more than 40 hours per workweek without being paid overtime.

6. Tire Discounters willfully misclassified Plaintiff as exempt from the overtime requirements of the FLSA. Tire Discounters failed to conduct a good-faith inquiry into the propriety of its classification of Plaintiff as exempt from the overtime requirements of the FLSA.

7. Plaintiff initially brought his claims as an opt-in plaintiff against Tire Discounters in the Southern District of Ohio action *Lindsey v. Tire Discounters, Inc.,* No. 2:15-cv-3065, which was filed on December 8, 2015. On December 1, 2017, the district court granted Tire Discounters' motion to decertify the FLSA collective. So Plaintiff—and about 80 other people who had opted-into the *Lindsey* action—brought their individual claims against Tire Discounters in a second action in the Southern District of Ohio, *Kozusko, et al. v. Tire Discounters, Inc.,* No. 2:18-cv-00086, which was filed on January 31, 2018. On August 26, 2021, however, the district court found the Plaintiff was mis-joined, so it severed his claims and dismissed them without prejudice, directing him to re-file his case in the appropriate jurisdiction.

8. While Plaintiff's claims were pending in the Southern District of Ohio, he responded to written discovery requests and sat for a deposition.

## CAUSE OF ACTION

9. During Plaintiff's employment with Tire Discounters, each was subject to the FLSA, including the law's overtime provisions.

10. Tire Discounters failed to pay Plaintiff overtime wages to which he was entitled under the FLSA; therefore, Plaintiff is entitled to damages under the law at a rate of time-and-one-half of Plaintiff's regular rate of pay for all hours worked over 40 per week.

11. Tire Discounters' violation of the FLSA was willful; therefore, a three-year statute of limitations applies. And that limitations period has been tolled by prior litigation.

12. Tire Discounters failed to make a good faith effort to comply with the FLSA; therefore, liquidated damages are warranted.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant Tire Discounters to recover unpaid overtime wages, liquidated damages, pre-judgment interest, attorney's fees, and litigation costs.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Drew Legando

Drew Legando (Ohio 0084209)
MERRIMAN LEGANDO WILLIAMS & KLANG, LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. drew@merrimanlegal.com

*Counsel for Plaintiff*